UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARILYN GOODE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23-CV-804 JMB |
| ) | |
| UNIVERSITY CITY COURTS, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Marilyn Goode for leave to commence this civil action without prepayment of the required filing fee. [ECF No. 2]. Upon consideration of the financial information provided with the motion, the Court finds plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, for the reasons discussed below, plaintiff will be directed to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

### Legal Standard

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as

true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Plaintiff's Complaint**

Plaintiff Marilyn Goode filed this action on June 21, 2023, by filing a form "Civil Complaint" naming University City Courts, St. Louis County Courts and Calverton Park Board as defendants in this action. Plaintiff claims that the jurisdictional basis for the present action is that "human rights has been violated."[1]

---

[1] Under the section marked "Cause of Action" on her Civil Cover Sheet, plaintiff has written "Freedom of Information Act." However, to the extent plaintiff is attempting to bring claims under FOIA, she is unable to do so. FOIA applies exclusively to federal agencies, and plaintiff has only sued state entities in this

For her "Statement of Claim" plaintiff states the following:

Since 10-2022 Saint Louis County has been holding my child in detainment. All they tell me is that it's a process. I [am] asking the federal court to reimburse myself for travel time as well as the time I spent in court for all four courts.

For relief in this action plaintiff states that she is seeking monetary damages. She has attached to her complaint several worksheets where she attempts to compile hourly requests for reimbursement of court time.[2]

**Discussion**

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). The Court has the duty to determine its jurisdiction and raise the issue of subject matter jurisdiction *sua sponte*, if necessary. *See City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010). The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Federal courts are courts of limited jurisdiction. This Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and cases where diversity jurisdiction exists under 28 U.S.C. § 1332. If this Court lacks both diversity of citizenship and federal question jurisdiction, the case is subject to dismissal for lack of jurisdiction.

---

action. *See* 5 U.S.C. § 552(f) (defining "agency" for purposes of the FOIA as an agency of the federal government); *Mace v. U.S. E.E.O.C.*, 37 F. Supp. 2d 1144, 1150 n.6 (E.D. Mo. 1999) (citing cases and noting that the "FOIA applies only to records held by a federal government agency").

[2]The Court has attempted to review on Missouri Case.Net any cases involving her son, Sorcori Bordeaux, but has been unable to find any cases relating to him. However, one of the cases plaintiff seeks reimbursement for, Case No. 1822-AC09659, did not involve her son, but rather was a lawsuit in which she was sued for an automobile accident. *See Jackson v. Williams*, No. 1822-AC09659 (22nd Jud. Cir., St. Louis City). Plaintiff did not answer the lawsuit after service of process, and a default judgment was entered against her in the amount of $5,810.00 on October 3, 2018. Despite not having entered an appearance in this lawsuit, and her son not being involved in the action, plaintiff seeks a total of $15,600 in "reimbursement" for the lawsuit.

*See Auto-Owners Ins. Co. v. Tribal Ct. of Spirit Lake Indian Rsrv.*, 495 F.3d 1017, 1020-24 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking where there is neither diversity of citizenship nor federal question jurisdiction).

Plaintiff's complaint fails to establish this Court's jurisdiction under either basis. The Court has diversity jurisdiction under 28 U.S.C. § 1332 over cases where the citizenship of each plaintiff is different from the citizenship of each defendant, and where the amount in controversy is more than $75,000. *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). Diversity jurisdiction does not exist here because plaintiff is suing agencies of the State of Missouri, as well as Missouri municipalities. Additionally, plaintiff indicates that the amount in controversy is less than the required amount under the diversity statute.

Federal question jurisdiction under 28 U.S.C. § 1331 gives district courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (internal citations omitted).  The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Id.*

Plaintiff's complaint is drafted on a court-form for filing civil claims. In her civil cover sheet plaintiff claims that she is seeking to be reimbursed for time spent in Missouri state court, as well as Missouri municipal courts, relative to her son. It appears plaintiff is also seeking reimbursement for her own research time for responding to her own civil lawsuit in St. Louis City Court.

Her requests for reimbursement, however, does not suffice as a federal cause of action. Such an action does not arise under the Constitution, laws, or treaties of the United States, which

is necessary to establish federal question jurisdiction. And to the extent plaintiff is seeking reimbursement for FOIA requests, as the Court has indicated above, FOIA only applies to records held by a federal agency.

Nothing in plaintiff's complaint indicates that the Court has jurisdiction over this matter. The instant action does not arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Diversity jurisdiction under 28 U.S.C. § 1332 does not exist here because it appears that plaintiff and defendants are all are citizens of the same state. As a result, plaintiff will be required to show cause, within twenty-one (21) days of the date of this Memorandum and Order, why this action should not be dismissed for lack of subject matter jurisdiction.

## Motion for Appointment of Counsel

Plaintiff has also filed a motion seeking appointment of counsel in this action.  The motion will be denied at this time.  In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).  When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time.  Plaintiff has demonstrated that she can adequately present her claims to the Court and neither the factual nor the legal issues in this case appear to be complex.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff will be required to show cause, **within twenty-one (21) days of the date of this Memorandum and Order**, why this action should not be dismissed for lack of jurisdiction.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with the Court's Order, this action may be dismissed, without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF NO. 3] is **DENIED at this time**.

Dated this 26th day of June, 2023

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE