# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MARILYN GOODE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23-CV-804 JMB |
| ) | |
| UNIVERSITY CITY COURTS, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

Before the Court is plaintiff's response to the Order to Show Cause why this action should not be dismissed for lack of subject matter jurisdiction. After reviewing the response, and for the reasons discussed below, the Court will dismiss this action pursuant to Federal Rule of Civil Procedure 12(h)(3).

### Background

Plaintiff, Marilyn Goode, filed this action on June 21, 2023, by filing a form, "Civil Complaint", naming University City Courts, St. Louis County Courts and Calverton Park Board as defendants in this action. Plaintiff claims that the jurisdictional basis for the present action is that "human rights has been violated."

For her "Statement of Claim" plaintiff stated the following:

> Since 10-2022 Saint Louis County has been holding my child in detainment. All they tell me is that it's a process. I [am] asking the federal court to reimburse myself for travel time as well as the time I spent in court for all four courts.

Plaintiff sought monetary damages in her complaint, as well as reimbursement of court time and mileage.

Because plaintiff's complaint appeared to lack a basis for this Court's subject matter jurisdiction, on June 26, 2023, the Court directed plaintiff to show cause why this matter should

not be dismissed for lack of jurisdiction. [ECF No. 5]. Plaintiff filed a response to the Court's Order on July 5, 2023. [ECF No. 6].

### Plaintiff's Response to the Order to Show Cause

In her response to the Order to Show Cause, plaintiff states:

the US constitution Amendment I, II, III, IV, VI, and Amendment XIV(1868) section 1, Plaintiff shows direct cause as to why this case should not be dismissed for lack of subject matter jurisdiction. Congress shall make no Law 1) Religion and Expression, 2) Bearing Arms, 3) Quartering Soldiers, 4) Search and Seizure, 6) Rights of accused in criminal proceeding. Amendment XIV (1868) Section 1: All persons born or naturalized in the US and subject to the jurisdiction thereof, are citizens of the US and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the US, nor shall any state deprive any person of life, liberty or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws. In the Dred Scott decision of 1857 The supreme Court had said that African American were not citizens, & I quote" THEY ARE INDIGOUS" My name is Marilyn and I am A US citizen. This amendment declared that every person born or naturalized in the US was a citizen, The amendment due process clause has had enormous Constitution importance since the Supreme court has used it to apple most of the Bill of Rights to the States. The amendment also establishes that all citizens are "entitled to equal protection of the laws". The provision which the Supreme Court cited in Brown v. Board of education in 1954. Ruling school segregation unconstitutional.

[ECF No. 6].

Plaintiff has not provided any additional arguments as to why she believes this Court has subject matter jurisdiction over her action.

### Discussion

Federal courts are courts of limited jurisdiction. *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). The existence of jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a

satisfaction of jurisdictional requirements in all cases"). The issue of the existence of jurisdiction may be raised at any time, by any party or by the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009). The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed.R.Civ.P. 12(h)(3).

The Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and the Court can hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. The instant action does not arise under the Constitution, laws, or treatises of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Therefore, the Court may only hear this case if diversity jurisdiction exists.

Diversity jurisdiction exists when the parties are completely diverse, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). The amount in controversy is to be ascertained from the complaint itself. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961). To satisfy the jurisdictional requirement of $75,000, punitive damages are included but "the existence of the required amount must be supported by competent proof." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 348 (8th Cir. 2007) (internal citation omitted). When the Court questions whether the amount alleged is legitimate, "the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *State of Mo. ex rel. Pemiscot Cnty., Mo. v. W. Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Diversity jurisdiction does not exist here because plaintiff is suing agencies of the State of Missouri, as well as Missouri municipalities. Additionally, plaintiff indicates that the amount in controversy is less than the required amount under the diversity statute. Nothing in plaintiff's show cause response argues for, or provides proof of, damages in excess of $75,000. Therefore, the

Court does not have jurisdiction to hear this case based on diversity under 28 U.S.C. § 1332. As a result, this Court lacks diversity jurisdiction.

Federal question jurisdiction under 28 U.S.C. § 1331 gives district courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (internal citations omitted).  The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Id.*

Plaintiff's complaint is drafted on a court-form for filing civil claims. In her civil cover sheet plaintiff claims that she is seeking to be reimbursed for time spent in Missouri State Court, as well as Missouri municipal courts, relative to her son. It appears plaintiff is also seeking reimbursement for her own research time for responding to her own civil lawsuit in St. Louis City Court.

Her requests for reimbursement, however, does not suffice as a federal cause of action. Such an action does not arise under the Constitution, laws, or treaties of the United States, which is necessary to establish federal question jurisdiction. And to the extent plaintiff is seeking reimbursement for FOIA requests, FOIA only applies to records held by a federal agency.

Nothing in plaintiff's complaint indicates that the Court has jurisdiction over this matter. The instant action does not arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Diversity jurisdiction under 28 U.S.C. § 1332 does not exist here because it appears that plaintiff and defendants are citizens of the same state. As a result, this case will be dismissed, without prejudice, for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that that this case is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that an appeal from this Order would not be taken in good faith.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 13th day of July, 2023.

                                            HENRY EDWARD AUTREY
                                       UNITED STATES DISTRICT JUDGE